NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE MH2013-001989

No. 1 CA-MH 13-0049
FILED 03/04/2014

———————————————

Appeal from the Superior Court in Maricopa County
No. MH2013-001989
The Honorable Susan G. White, Judge Pro Tempore

**AFFIRMED**

———————————————

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Anne C. Longo, Bruce P. White
*Counsel for Appellee*

Maricopa County Office of the Legal Defender, Phoenix
By Anne Phillips
*Counsel for D.O.*

———————————————

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco joined.

———————————————

**G E M M I L L,** Judge:

¶1 Appellant ("D.O.") appeals the superior court's order for involuntary treatment entered after the court found by clear and convincing evidence that D.O. was, as a result of a mental disorder, persistently or acutely disabled and a danger to herself. For the reasons that follow, we affirm the treatment order.

## FACTS AND PROCEDURAL HISTORY

¶2 On June 3, 2013, Johnna Hrovat, MA, LISAC, a crisis intake therapist at Banner Thunderbird Medical Center ("Hospital"), filed a petition for a Court-Ordered Evaluation alleging reasonable cause to believe D.O. was a danger to self, and persistently or acutely disabled. The petition stated that D.O. was unwilling to undergo voluntary evaluation and needed supervision, care, and treatment. According to the petition, D.O. has a history of attempted suicide via overdose from pills and has not followed through with treatment since an earlier court order expired in April 2013. On June 5, 2013, the superior court ordered D.O. to undergo custodial evaluation.

¶3 On June 6, 2013, Domiciano Santos, M.D., filed a Petition for Court Ordered Treatment ("Petition") alleging that, as a result of a mental disorder, D.O. was a danger to self and was persistently or acutely disabled. The Petition was based on and included affidavits submitted by Dr. Santos and David Fife, a doctor of osteopathic medicine. The Petition stated that the appropriate and available court-ordered treatment for D.O. was combined inpatient and outpatient treatment. The court ordered D.O. detained and provided notice of the upcoming evidentiary hearing regarding an order for involuntary treatment.

¶4 D.O.'s hearing was on June 12, 2013, and the parties stipulated to the admission of affidavits by Drs. Santos and Fife. A medical affidavit listing what drugs D.O. was taking was also received by the court. The Hospital called two acquaintance witnesses, Johnna Hrovat and Melody Aros. Hrovat testified that D.O. stated she was suicidal, planned on overdosing, and threatened to do so if Hrovat gave her any medication. Hrovat believed that D.O. was serious about hurting herself, had a recent serious attempt, and had refused to volunteer for additional treatment.

¶5 Aros testified that she is a registered nurse who works at the Hospital in the emergency department and crisis intake. At the hearing, Aros was asked if she noticed anything unusual about D.O. during her

initial assessment, and she replied, "No." Aros said D.O. was "physically animated," "would fidget around in her seat," and "seemed agitated and somewhat uncomfortable." Aros noticed that D.O.'s glasses were fractured and she could hurt herself with them. According to Aros, D.O. requested pain medication, and when Aros gave her 800 mg of Motrin, D.O. said she wanted something else because the Motrin "wouldn't take care of it."

¶6 After considering the evidence, testimony, and the Petition, the superior court found by clear and convincing evidence that Appellant was, as a result of a mental disorder, persistently or acutely disabled, a danger to self, in need of psychiatric treatment, and unwilling to accept voluntary treatment. The superior court ordered Appellant to undergo combined inpatient/outpatient treatment until she is no longer persistently or acutely disabled. The court ordered the combined inpatient/outpatient treatment for a period of time not to exceed 365 days with the period of inpatient treatment of at least 25 days, but not to exceed 180 days.

¶7 D.O. timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 36–546.01 and 12–2101(A)(1).

**ANALYSIS**

¶8 A court may order involuntary treatment only if it finds by clear and convincing evidence that treatment is necessary. A.R.S. § 36–540(A); *In re MH 2007–001236,* 220 Ariz. 160, 165, ¶ 15, 204 P.3d 418, 423 (App. 2008). On appeal we view the facts in the light most favorable to sustaining the superior court's judgment and will not set aside the related findings unless they are clearly erroneous. *In re MH 2008-002596*, 223 Ariz. 32, 35, ¶ 12, 219 P.3d 242, 245 (App. 2009). Because a person's involuntary commitment "may result in a serious deprivation of liberty," strict compliance with the applicable statutes is required. *In re Commitment of Alleged Mentally Disordered Person, Coconino County No. MH 1425,* 181 Ariz. 290, 293, 889 P.2d 1088, 1091 (1995); *see also In re Maricopa County Superior Court No. MH 2003–000058,* 207 Ariz. 224, ¶ 12, 84 P.3d 489, 492 (App. 2004). The determination of what those requirements are and whether there has been sufficient compliance is a question of statutory interpretation, an issue of law that we review de novo. *See In re MH 2006–000749,* 214 Ariz. 318, 321, ¶ 13, 152 P.3d 1201, 1204 (App. 2007).

**¶9**          For court-ordered treatment, "[t]he evidence presented by the petitioner . . . shall include the testimony of two or more witnesses acquainted with the patient at the time of the alleged mental disorder." A.R.S. § 36–539(B).  An acquaintance witness will meet the statutory definition if she is acquainted with the patient and has relevant, personal knowledge regarding the patient.  *See In re MH 2008–002596,* 223 Ariz. at 36, ¶ 16, 219 P.3d at 246; *see also* Ariz. R. Evid. 401 ("Evidence is relevant if: it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.").  D.O. argues that the Hospital failed to strictly comply with A.R.S. § 36-539(B) because Aros does not qualify as an acquaintance witness with relevant testimony regarding D.O.'s mental condition.  D.O. reasons that: (1) because Aros noticed nothing unusual about D.O., she does not have relevant personal knowledge of the alleged mental disorder; (2) without relevant personal knowledge, her testimony does not qualify as evidence; (3) because Aros's testimony was not evidence, the Hospital only supplied one acquaintance witness, failing to strictly comply with the statute.

**¶10**          We disagree with D.O.'s characterization of Aros's testimony.  Aros's testimony about D.O.'s behavior and conduct, while not "elaborate" as the Hospital concedes, has a tendency to make the doctors' diagnoses more probable.  Aros said that D.O. "seemed agitated and somewhat uncomfortable," was "physically animated," and "would fidget around in her seat."  This testimony is relevant because it supports the physicians' diagnoses of anxiety and mood disorders.  Aros also testified that D.O.'s glasses were broken in such a way as to present a danger to herself.  Again, this is relevant to D.O.'s apparent disregard for her own safety, supporting the diagnoses.  Finally, Aros testified that D.O. requested pain medication and was not satisfied with Motrin because "that wouldn't take care of it."  This fact is relevant to D.O.'s mental condition when considered in light of the physicians' diagnoses, the patient's history of attempted suicide, and Hrovatt's testimony that D.O. threatened to overdose if she was given any medication.

**¶11**          We conclude Aros's testimony was relevant and admissible.  She provided pertinent evidence tending to support the doctors' opinions and diagnoses and the court's ultimate ruling.  The superior court properly considered Aros as an acquaintance witness under the applicable statute.  D.O.'s arguments to the contrary are rejected.

**CONCLUSION**

**¶12** For the foregoing reasons, we affirm the superior court's order for civil commitment.



Ruth A. Willingham · Clerk of the Court
FILED: gsh